UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT OF WISCONSIN
IN THE MATTER OF:     Chapter 13

JOSEPH JACKSON AND
BRENDA VALENTINE JACKSON     Case No. 13-23392 pp
        Debtors.

---

NOTICE AND REQUEST TO MODIFY CHAPTER 13 PLAN

---

     The Debtor in the above captioned case, whether one or more, has filed papers with the court requesting modification of the Chapter 13 Plan in the above case.

     **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

     If you do not want the court to modify the plan as proposed, or if you want the court to consider your views on the request, then on or before 21 days after service of this notice, you or your attorney must:

     File with the court a written request for hearing which shall contain a short and plain statement of the factual and legal basis for the objection. File your written request at:

> Clerk of the Bankruptcy Court
> 517 E. Wisconsin Avenue
> Room 126
> Milwaukee, WI 53202-4581

     If you mail your request to the court of filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

     You must also mail a copy to:

> Benjamin Payne
> Hanson & Payne, LLC
> 740 N. James Lovell
> Milwaukee, Wisconsin 53233

     If you or your attorney do not take these steps, the court may decide that you do not oppose the request and may enter an order modifying the Plan.

# REQUEST TO MODIFY CHAPTER 13 PLAN

1. The Proponent of this modification is:

    __X__ The Debtor;

    _____ The Chapter 13 Trustee (post-confirmation modifications only);

    _____ The holder of an unsecured claim (Name:_____) (post-confirmation modifications only).
    Name: _____

2. This is a request to modify a Chapter 13 Plan (Select A. or B.):

    A. _____ post-confirmation;

    B. __X__ pre-confirmation (Select i. or ii.);

        i. _____ Debtor(s)/Debtor(s) attorney certifies that the proposed modification does not materially adversely affect creditors (Local Bankruptcy Rule 3015(b)); or

        ii. __X__ Debtor(s)/Debtor(s) attorney certifies that the proposed modification materially adversely affects only the following creditors and a copy of the proposed modification has been served on them (Local Bankruptcy Rule 3015(b)).  The creditors affected are:

    All creditors.

3. The Proponent wishes to modify the Chapter 13 Plan to do the following:
    (State generally the purpose of the modification.)

    To improve the treatment of the claim secured by property located at 7773 N. 60th St., to explicitly state that the second mortgage on the property located at 7911 W. Beechwood Ave. is wholly unsecured, to devote future proceeds of a legal claim into the Plan, to explicitly state that the Debtors will pay all post-petition condo association fees/assessments, and to improve the treatment of the claim secured by property located at 7773 N. 60th St.

4. The reason(s) for the modification is/are: (State the reasons for the modification.)

5. Select A. or B.

    A. _____ The Chapter 13 Plan confirmed or modified on _____ is modified as

follows: (State the specific language of the modification.)

B. __X__ The unconfirmed Chapter 13 Plan dated April 8, 2013 is modified as follows:

The attached Special Provisions replace in their entirety the Special Provisions attached to the Plan dated April 8, 2013.

6. **BY SIGNING BELOW THE PROPONENT OF THE MODIFICATION CERTIFIES THAT, AFTER REVIEW OF THE MODIFICATION AND ALL OTHER TERMS AND PROVISIONS OF THE PLAN, THOSE REMAINING TERMS AND PROVISIONS OF THE PLAN ARE CONSISTENT WITH THE PROPOSED MODIFICATIONS.**

**CERTIFICATION**

I Benjamin Payne, attorney for Debtor(s), certify that I have reviewed the modification proposed above with the Debtor(s), and that the Debtor(s) has/have authorized me to file it with the court.


/s/ Benjamin Payne                        11/8/13
Counsel for Debtor(s)                     Date


WHEREFORE, the Proponent requests that the court approve the modification to the Chapter 13 Plan as stated herein.

Dated: 8/11/13                            Attorneys for Debtors
at Milwaukee, Wisconsin                   By: Benjamin Payne
                                          Bar No.: 1041478

## Special Provisions

Notwithstanding any language to the contrary in the Model Chapter 13 Plan, the following special provisions (the "Special Provisions") shall constitute the terms of the Chapter 13 Plan and to the extent language in the Model Chapter 13 Plan is inconsistent with the terms contained in this Special Provisions section, the terms in the Special Provisions section shall control. As used herein, the term "Debtor" shall mean the debtor(s) in this bankruptcy case, whether one or more.

I. The debtors' attorney fees under Paragraph 4(B) and all subsequent debtors' attorney fees approved by the Bankruptcy Court in the above captioned case (collectively "Attorney Fees"), shall be paid as follows: All funds held by the Chapter 13 standing trustee ("Trustee") upon confirmation of the Plan, less applicable adequate protection payments under Paragraph 6(A)(I), if any, and less fees payable to the Trustee under Paragraph 4(A), shall be disbursed to pay the balance of debtors' Attorney Fees before the Trustee disburses funds on any other claim. Subsequent to the initial disbursement after confirmation of the Plan, the Trustee shall disburse not less than 50% of all available funds to pay the debtors' Attorney Fees.

II. Payments to Unsecured Creditors, identified in Paragraph 7 of the Plan, shall include post-petition attorney fees of the Debtor, and shall not be deemed a minimum required to be paid only to the class of general, unsecured, non-priority creditors.

III. Secured claims to which § 506(d) is applicable: The following creditors hold liens securing claims to which § 506(d) applies. Upon completion of the payments set forth below and upon entry of the discharge in the above captioned case each creditor listed below, including its successors and assigns, shall, upon request of the Debtors or either of them, issue a satisfaction of each mortgage securing a claim identified below.

   a. Bank of America, its successors and assigns ("BOA"): BOA holds a mortgage on property located at 1316-1318 W. Burleigh Ave., in Milwaukee, WI, securing a claim of approximately $66,000. The secured claim of BOA shall be valued under 11 U.S.C. § 506(a) at $15,000 as of the date of confirmation of the Plan. If BOA disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtors will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured claim. The secured portion shall be paid in 60 installments of $283.07 ($15,000 amortized over 5 years at 5.00% interest per annum).

   b. Bank of America, its successors and assigns ("BOA"): BOA holds a mortgage on property located at 7773 N. 60th St., in Milwaukee, WI, securing a claim of approximately $60,600. The secured claim of BOA shall be valued under 11 U.S.C. § 506(a) at $15,600 as of the date of confirmation of the Plan. If BOA disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtors will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured claim. The secured portion shall be paid in 60 installments of $277.94 ($15,000 amortized over 5 years at 5.25% interest per annum).

   c. Bank of America, its successors and assigns ("BOA"): BOA holds a mortgage on property located at 3334 N. Teutonia Ave., in Milwaukee, WI, securing a claim of approximately

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

$62,800. The secured claim of BOA shall be valued under 11 U.S.C. § 506(a) at $21,000 as of the date of confirmation of the Plan. If BOA disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtors will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured claim. The secured portion shall be paid in 60 installments of $389.12 ($21,000 amortized over 5 years at 4.25% interest per annum). Debtor will not escrow funds with BOA for payment of insurance or real estate taxes and shall pay for same directly. Debtor will remain current with the payment of post-petition real estate taxes on the subject property during the term of the plan, which may include paying such post-petition real estate taxes in accordance with an installment plan acceptable to the taxing authority.

    d. Property located 7911 W. Beechwood Ave., in Milwaukee, WI. Green Tree Servicing, LLC, is the current servicer for mortgage holder of record "Mortgage Electronic Registration Systems, as nominee for original lender America's Wholesale Lender," or its successors and assigns ("MERS"). Upon information and belief, the current mortgage holder is BOA (as successor to MERS and/or America's Wholesale Lender). Green Tree Servicing, LLC, MERS, and BOA will all receive notices in this case and will receive a copy of this Plan. The secured claim of MERS or BOA shall be valued under 11 U.S.C. § 506(a) at $60,000 as of the date of confirmation of the Plan. If either MERS or BOA disputes the value of the collateral stated above, it must timely file an objection to confirmation or the value stated by the Debtors will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured claim. The secured portion shall be paid in 60 installments of $1,139.16 ($60,000 amortized over 5 years at 5.25% interest per annum).

    e. Real Time Resolutions, Inc., its successors and assigns ("RTR"), holds a junior mortgage on property located at 7911 W. Beechwood Ave., in Milwaukee, WI, securing a claim of $39,477.87. The secured claim of RTR shall be valued under 11 U.S.C. § 506(a) at $0.00 as of the date of confirmation of the plan. If RTR disputes the value of the collateral stated above, it must timely file an objection to confirmation, or the value stated by the Debtors will be determined to be the value of the collateral. The balance of the claim shall be treated for all purposes as an unsecured claim."

IV. The Debtor has a wrongful termination/discrimination claim pending against the Housing Authority of Georgetown (the "Legal Claim"). The Debtor will contribute to the Plan the greater of (1) ½ of the net proceeds of the Legal Claim, or (2) the non-exempt portion of the net proceeds of the Legal Claim (net of attorney fees, costs, taxes, and any other obligations for which the Debtor is legally liable for payment on account of the proceeds of the Legal Claim) to be distributed as an additional dividend to unsecured creditors, subject to the provisions of Paragraphs I and VII of the Special Provisions.

V. The Heathers Owners Association, Inc. The Debtors will make all post-petition condo association fees/dues/assessment payments owed to the Heathers Owners Association, Inc., directly to the Heathers Owners Association, Inc.

VI. The claim of Volkswagen Credit, Inc., its successors and assigns, shall be paid according to the terms of the note and security agreement outside the plan by the Debtors' son, who has

2

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

Case 13-23392-gmh   Doc 43   Filed 11/08/13   Page 5 of 7

possession of the vehicle.

VII. Order of Distribution on General Non-Priority Unsecured Claims: No distributions shall be made to holders of general, non-priority, unsecured claims until all secured claims, including supplemental claims thereto, and all priority claims have been paid as provided for by the Plan.

VIII. Duration of Plan: The first month of the 60 month Plan shall be the month in which the first order confirming the Plan is entered.

IX. Automatic Extension: Regardless of the stated term of the Plan, to the extent that the payments provided hereunder (both in the Plan and in the Special Provisions) are insufficient to pay the amounts required to be paid under the Plan, the Plan shall automatically extend from month to month, up to a term of 60 months, to allow the Debtor to continue making payments until all amounts necessary to complete the required payments under the provisions of the Plan have been paid.

X. Separate Classification of Post Petition Claims under 11 U.S.C. § 1305(a): Claims filed under 11 U.S.C. § 1305(a) shall be classified separately from all other classes of creditors and shall be treated as a separate class of general, unsecured, non-priority claim holders (the "§ 1305 Class"). No disbursements shall be made to holders of § 1305 Class claims and claims in the § 1305 Class shall not be discharged in this bankruptcy case.

XI. Revocation of Guaranties of Debtor. All guaranties given by the Debtor prior to the commencement of this bankruptcy case shall be deemed executory contracts and are hereby rejected by the Debtor. The Debtor hereby revokes all guaranties given by the Debtor prior to the commencement of this bankruptcy case.

XII. Treatment of Secured Claims after Relief Granted from the Automatic Stay: Upon the Court granting a secured creditor relief from the automatic stay with respect to a claim secured by property of the estate, such creditor's claim, and the claims of all creditors holding a junior lien interest in the same collateral, shall be treated as bifurcated into a secured claim limited to the value realized by the creditor upon the disposition of its collateral, and an unsecured claim for the difference between the balance due on the underlying loan agreement(s) and the value realized by the creditor upon the disposition of its collateral. Upon entry of an order granting a secured creditor relief from the automatic stay, the trustee shall cease all future disbursements on the creditor's secured claim and on all junior secured claims secured by the same collateral.

XIII. Notices after Claims Bar Date: After the Plan has been confirmed, and after the bar date for filing claims has expired, any additional notices in this case may be sent to the Chapter 13 trustee and to only those creditors who have allowed claims or have filed a notice of appearance.

XIV. Reservation of Rights: The Debtor specifically reserves, on behalf of the bankruptcy estate, the right to object to the claim of any creditor, for any reason, at any time prior to the discharge being entered. The Debtor further reserves for the benefit of the bankruptcy estate all rights and causes of action Debtor may have against all parties, including all claims arising under 11 U.S.C. §§ 542, 543, 544, 545, 547, 548, 549, as well as all rights and causes of action the Debtor or the bankruptcy estate have to avoid the lien of and any creditor or to obtain a determination that any lien is void, and all rights or causes of action the Debtor may have for mortgage servicing abuses.

Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy