THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: June 3, 2014



_____
Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In Re: JOSEPH H. JACKSON, JR. <br> BRENDA C. VALENTINE-JACKSON <br> Debtors | Chapter 13 Bankruptcy Case <br><br> Case No. 13-23392-PP |

**ORDER CONFIRMING PLAN**

Submitted by Trustee Mary B. Grossman
**Partial Plan Summary:**
**Effective Date: May 9, 2013**
**$2,000.00 Monthly for 34 months; then**
**$2750.00 Monthly for 26 months for a total of 60 months**
**Not less than 0% on unsecured claims**
The claim of VW Credit, Inc. for the 2007 Mercedes Benz will be paid directly by the debtor's son.
The debtor will pay to the plan as an additional source of funding one half of net proceeds from any claims pending against the Housing Authority of Georgetown, or the non-exempt portion, whichever is greater.
The secured claim of Bank of America for the property located at 1316-1318 West Burleigh shall be paid $15,000.00 at 5% interest.
The secured claim of Bank of America for the property located at 7773 North 60th Street shall be paid $15,600.00 at 5.25% interest.
The secured claim of Bank of America for the property located at 3334 North Teutonia Avenue shall be paid $21,000.00 at 4.25% interest.
The secured claim of Green Tree Servicing/MERS for the property located at 7911 West Beechwood Avenue shall be paid $60,000.00 at 5.25% interest.
The claim of Real Time Resolutions whom holds the 2nd mortgage on the property located at 7911 West Beechwood Avenue shall be paid as a general unsecured claim.

    A plan having been filed on April 8, 2013 and having been transmitted to creditors and an amended plan having been filed on April 1, 2014 and April 14, 2014; and
1. The plan complies with the provisions of Chapter 13 and with other applicable provisions of the Bankruptcy Code;
2. The filing fee and any other amounts required to be paid before confirmation have been

paid;
3. The action of the debtor in filing the petition was in good faith and the plan has been proposed in good faith and not by any means forbidden by law;
4. The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor(s) were liquidated under Chapter 7 on such date;
5. Each holder of an allowed secured claim provided for by the plan has accepted the plan; or the debtor has surrendered the property securing such claim to such holder; or the plan provides that the holder of such secured claim retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under § 1328; and the value on the effective date of the plan of property to be distributed under the plan on account of such claim is not less than the amount of such claim;
6. The debtor(s) will be able to make all payments under the plan and to comply with the plan;
7. The debtor(s)has paid all domestic support obligations that became due after the filing of the petition, if any; and
8. The debtor(s) has filed all applicable federal, state and local tax returns as required by § 1308.

IT IS ORDERED, that the debtor's plan is confirmed.

IT IS FURTHER ORDERED, that the debtor(s) shall not, without obtaining prior written consent and approval of the Trustee or an Order of the Court, become liable for money borrowed or purchases of any kind on credit; and if the debtor fails to comply with this Order, the plan shall be subject to dismissal or to such other remedial and corrective action as the Court may deem appropriate, after such notice to the debtor and other interested persons as the Court may direct.

IT IS FURTHER ORDERED, that property of the estate shall revest in the debtor as provided for in the plan. That during the pendency of the plan confirmed herein, all property of the estate, as defined in § 1306(a) of Title 11 of the United States Code, shall remain under the exclusive jurisdiction of the Court and the debtor shall not, without the appropriate consent of the Chapter 13 Trustee, or the Court, sell or otherwise dispose of or transfer such property other than in accordance with the terms of the plan confirmed herein.

IT IS FURTHER ORDERED, that funds paid to and in the possession of the Trustee pursuant to the plan are trust funds for distribution under the plan and shall not revest in the debtor(s) at any time.

IT IS FURTHER ORDERED THAT DEBTOR(S): shall provide copies of income tax returns to the Trustee each year by April 30th of the year in which the return is due. If the debtor(s) are engaged in business, file periodic financial statements with the trustee, not less than monthly. Debtor(s) shall pay all disposable income to the trustee for the life of the plan unless all allowed claims are to be paid in full in three years or less.

IT IS FURTHER ORDERED that debtor(s) shall further pay into the plan one-half of the net tax refund received from state and federal income tax returns as an additional source of income for the benefit of creditors with allowed unsecured claims.

# # # # # # #